UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF ANIMALS,

Plaintiff,

v.

DIRK KEMPTHORNE, Secretary of the
Interior,

Defendant.

Civil Action No. 04-1660
HHK/DAR

## MEMORANDUM OPINION AND ORDER

Safari Club International, Safari Club International Foundation and the Exotic Wildlife

Association's Motion to Intervene (Docket No. 15) was referred to the undersigned for

determination pursuant to LCvR 72.2(a).  Upon consideration of the motion to intervene, the

memoranda in support thereof and in opposition thereto and the entire record herein, said motion

will be granted.

## BACKGROUND

Plaintiff Friends of Animals is "an international, non-profit, animal advocacy

organization . . . [which] works to protect animals from cruelty, abuse, and institutionalized

exploitation."  First Amended Complaint (Docket No. 14), ¶9.  Plaintiff and its members claim

"a long-standing personal, informational, philosophical, and scientific interest in the scimitar-

horned oryx, addax, and dama gazelle[,]" three antelope species native to the Sahelo-Saharan

Friends of Animals v. Kempthorne                                                    2

regions of northern and western Africa.  Id., ¶¶2, 9-10.  Plaintiff acknowledges that Defendant

Secretary of the Interior issued a final decision listing all three antelope species as endangered;

however, by its first amended complaint, Plaintiff seeks judicial review of a separate regulation

issued by the Secretary excluding antelope bred in captivity in the United States from the

Endangered Species Act's prohibition on killing and selling endangered species.  Id., ¶¶2-3, 73-

74;[1] see also Joint Status Report (Docket No. 12) at 1-2.  More specifically, Plaintiff alleges that

through her issuance of the challenged regulation, the Secretary violated four enumerated

provisions of the Endangered Species Act, and in addition, failed to comply with "the nation's

flagship environmental law, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §

4332."  Id., ¶4, 100-120.  Plaintiff seeks both declaratory and injunctive relief, as well as an

award of its costs of its litigation.  Id. at 30-31 (Request for Relief).

On the day before Defendant filed her answer to Plaintiff's first amended complaint,[2]

Safari Club International, Safari Club International Foundation and the Exotic Wildlife

Association (hereinafter "movants" or "proposed intervenors") moved, pursuant to Rule 24 of the

Federal Rules of Civil Procedure, "to intervene in this action as a defendant in support of

Defendant Gale Norton[.]" Memorandum of Law in Support of Safari Club International, Safari

Club International Foundation and the Exotic Wildlife Association's Motion to Intervene

---

[1]  Plaintiff further alleges that "[t]here [is] a large number of 'canned-hunting' operations in the United
States that raise the three antelope species in captivity for the sole purpose of allowing trophy hunting[,]" and that
"[t]hese operations profit by selling the right to kill the antelope within fenced areas where they cannot escape and
allowing 'hunters' to take home their trophies."  Plaintiff maintains that Defendant issued the challenged regulation
"[r]esponding to . . . pressure" exerted by "these powerful canned-hunting operations[.]"  Id., ¶3; see also id., ¶¶59-
61.

[2]  Defendant responded to each numbered paragraph of the first amended complaint.  Defendant generally
denied the allegations not otherwise expressly admitted, qualified or denied, and pled as affirmative defenses (1) lack
of standing and (2) failure to state a claim upon which relief can be granted.  See Amended Answer (Docket No. 16).

Friends of Animals v. Kempthorne                                                                    3

("Memorandum") at 5.  Safari Club International and Safari Club International Foundation are

non-profit corporations, the missions of which include "the conservation of wildlife, protection

of the hunter, and education of the public concerning hunting and its use as a conservation tool."

Id. at 7.  The Exotic Wildlife Association is a trade organization, the stated mission of which is

"to encourage and expand the conservation of indigenous and non-indigenous hoofstock animals,

and to help [its] members develop and strengthen the markets for their animals.  Id. at 9.  The

proposed intervenors maintain that the three species of antelope which are the subject of this

action "are species that [their] members own, breed, market, hunt and otherwise manage through

sustainable use methods of conservation[,]" and that if Plaintiff is successful in this litigation, the

resulting procedures and restrictions on the ownership, use and management of these species

"will make it impossible" for them and their members to continue their efforts.  Motion to

Intervene at 2.  The proposed intervenors submit that "[they] have significant interests in the

outcome of this litigation that are not adequately represented by the [Plaintiff] or the

Defendant[,]" and that "[they] meet all the requirements to be granted intervention as of right,

and alternatively intervention by permission of this Court."  Id. at 2-3.

        Proposed intervenors submit that "as entities whose interests (including the interests of

their members) will be injured by the relief that [Plaintiff] seeks and are not adequately

represented in this case, are entitled to intervene as of right."  Memorandum at 18.  Alternatively,

proposed intervenors seek permissive intervention, and in support of that request, submit that

"the defenses that they raise . . . share a factual and legal basis with the claims raised by

[Plaintiff's] First Amended Complaint and possible governmental defenses to those claims."  Id.

Friends of Animals v. Kempthorne                                                    4

at 24-25.[3]

     Plaintiff, in its opposition, concedes that proposed intervenors' motion is timely.

However, Plaintiff disputes that proposed intervenors have a legally protected interest in this

action "that is directly at stake and risks impairment[,]" and asserts that "the interests of [the

proposed intervenors] are adequately represented by the Defendant Secretary of the Interior."

Plaintiff's Opposition to Motion to Intervene ("Opposition") (Docket No. 17) at 2, 3-12.

Plaintiff asks that the proposed intervenors' motion be denied; in the alternative, Plaintiff asks

that any intervention "[be limited] . . . to the particular issues of this case that arguably affect

[their] interests and generally to the remedy phase of this litigation where those interests might

arguably be impaired."  Id. at 1, 12-16.

     Defendant did not file an opposition or other response to the motion to intervene.

     The proposed intervenors, in their reply, again submit that they are entitled to intervention

as of right, or alternatively, should be allowed permissive intervention.  Safari Club International,

Safari Club International Foundation and the Exotic Wildlife Association's Reply to Plaintiff's

Opposition to Motion to Intervene ("Reply") (Docket No. 20) at 3-21.  Proposed intervenors also

submit that the limits on their intervention which Plaintiff suggests are inappropriate.  Id. at 21-

23.

**DISCUSSION**

     The prerequisites for both intervention as of right and permissive intervention are set

forth in Rule 24 of the Federal Rules of Civil Procedure.  With respect to intervention as of right,

---

[3] Proposed intervenors filed their proposed answer to Plaintiff's first amended complaint as Exhibit A to their motion to intervene.  See Motion to Intervene at 3, n.1

Friends of Animals v. Kempthorne                                                    5

the rule provides, in pertinent part, that

> [u]pon timely application anyone shall be permitted
> to intervene in an action . . . when the applicant claims
> an interest relating to the property or transaction which
> is the subject of the action and the applicant is so
> situated that the disposition of the action may as a
> practical matter impair or impede the applicant's
> ability to protect that interest, unless the applicant's
> interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).  In its interpretation of this rule, the District of Columbia Circuit has

identified four factors upon which qualification for intervention as of right is dependent:

> (1) the timeliness of the motion; (2) whether the
> applicant "claims an interest relating to the property
> or transaction which is the subject of the action";
> (3) whether "the applicant is so situated that the
> disposition of the action may as a practical matter
> impair or impede the applicant's ability to protect
> that interest"; and (4) whether "the applicant's
> interest is adequately represented by existing parties.

Fund for Animals v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003) (citation omitted).

        The District of Columbia Circuit also requires that a party which seeks to intervene as of

right must, in addition, demonstrate that it has standing under Article III of the Constitution.  Id.

(citations omitted); see also Jones v. Prince George's County, Maryland, 348 F.3d 1014, 1018

(D.C. Cir. 2003).  Such showing requires that (1) "the applicant must have suffered an injury in

fact, defined as harm that is concrete and actual or imminent, not conjectural or hypothetical"; (2)

the injury "must be fairly traceable to the government conduct alleged"; and (3) "it must be likely

that the requested relief will redress the alleged injury."  Environmental Defense v. Leavitt, 329

F. Supp. 2d 55, 64 (D.D.C. 2004) (citation omitted); see also Horizon Lines, LLC v. United

States, 414 F. Supp. 2d 46, 52 (D.D.C. 2006) (citation omitted).  Where, as here, the proposed

Friends of Animals v. Kempthorne                                                6

intervenor asserts a claim under the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., said

proposed intervenor "must establish that the injury alleged 'falls within the 'zone of interests'

sought to be protected by the statutory provisions whose violation forms the legal basis of [the

plaintiff's] complaint." Id. (citing Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 883 (1990).

        With respect to permissive intervention, Rule 24 provides, in pertinent part, that

> [u]pon timely application, anyone may be permitted
> to intervene in an action . . . when an applicant's
> claim or defense and the main action have a question
> of law or fact in common.

Fed.R.Civ.P. 24(b)(2). The District of Columbia Circuit has articulated three factors on which

permissive intervention is dependent: "(1) an independent ground for subject matter jurisdiction;

(2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with

the main action." Environmental Defense, 329 F. Supp. 2d at 65 (quoting Equal Employment

Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998).[4]

Additionally, a court "shall consider whether the requested intervention will unduly delay or

prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2).

### Proposed Intervenors Satisfy the Requirements of the District of Columbia Circuit for Intervention as of Right

#### (I) Timeliness of the Motion

Proposed intervenors maintain that their motion is timely, and Plaintiff so concedes.

---

[4] Another judge of this court has observed that "[i]t is not clear . . . whether the court also must confirm . . . the proposed intervenor's standing for Rule 24(b) intervention." Id. (citing In re Vitamins Antitrust Litigation, 215 F.3d 26, 31 (D.C. Cir. 2000).

Friends of Animals v. Kempthorne                                                            7

Memorandum at 18-20; Opposition at 2 ("At the outset, [Plaintiff] concedes that the Safari

Club's motion is timely.").

### *(ii) "[I]nterest relating to the property or transaction"*

Proposed intervenors claim a "[s]ubstantial [l]egal [i]nterest" in the subject matter of this

action, and assert that they "would be directly impacted by [Plaintiff's] success in this litgation."

Memorandum at 20.  More specifically, proposed intervenors submit that they have "the most

direct contact with [the three species which are the subject of the regulation at issue in this

action], the greatest involvement with the daily active, ongoing conservation of these animals and

the most to loose if these conservation efforts are thwarted."  Id. at 21.[5]

Plaintiff, in its opposition, maintains that the proposed intervenors' interest "is [n]ot

[d]irectly at [s]take[,]" and that "[b]ecause only the Secretary can comply with the ESA, NEPA,

and APA, she is the only appropriate defendant in this action."  Opposition at 2-3.

The undersigned finds, for the reasons offered by proposed intervenors, that proposed

intervenors have claimed an interest relating to both the property (i.e., the three species of

antelope in captive populations in the United States) and the transaction (i.e., the promulgation of

the rule which Plaintiff challenges) which are the subject of this action.  Proposed intervenors

thus have shown, in accordance with the standard articulated by this Circuit, that they "would

suffer harm from an adverse decision on the merits."  DSMC, Inc. v. Convera Corp., 273 F.

---

[5] Proposed intervenors offer the declarations of two members and two organization executives in support of this contention.  Id. at 20, n.3-n.6.  The four declarants indicate the proposed intervenors' members own, raise, breed, trade, hunt and otherwise conserve in the United States the three antelope species which are the subject of the rule which Plaintiff challenges in this action.  Plaintiff offers no declaration or other evidence in an effort to make a contrary showing.

Friends of Animals v. Kempthorne                                                  8

Supp. 2d 14, 25 (D.D.C. 2002) (quoting <u>Alaska v. Federal Energy Regulatory Comm'n</u>, 980 F.

2d 761, 763 (D.C. Cir. 1992)).

      Plaintiff relies entirely upon Ninth Circuit precedent in support of its contention that

proposed intervenors have no interest in the property or transaction which is the subject of this

action since "only the Secretary can comply" with the applicable environmental and

administrative statutes.  <u>See</u> Opposition at 3-4.  However, the District of Columbia Circuit has

not imposed so restricted a standard for the demonstration of an "interest" in the litigation as

Plaintiff suggests.  Rather, the District of Columbia Circuit has held that proposed intervenors of

right "need only an 'interest' in the litigation - not a 'cause of action' or 'permission to sue.'"

<u>Jones</u>, 348 F.3d at 1018 (citations omitted).  Indeed, this Circuit observed that "the Supreme

Court concluded that the lack of a couse of action does not, in and of itself, bar a party from

intervening."  <u>Id.</u> (citation omitted).

      *(iii) Limitation of proposed intervenors' ability to protect their*
      *interest absent intervention*

      Proposed intervenors submit that the relief which Plaintiff seeks will impair an interest

"valued and protected" by its members[,]" and that they should be permitted to intervene to

protect their interests.  Memorandum at 21; <u>see also</u> Reply at 9-13.

      Plaintiff again relies upon Ninth Circuit precedent in support of its request for a contrary

finding.  Opposition at 7.  However, this Circuit has held that a reviewing court should consider

> the "practical consequences" of denying intervention,
> even where the possibility of future challenge to the
> regulation remain[s] available. . . . Regardless of
> whether [proposed intervenors] could reverse an
> unfavorable ruling by bringing a separate lawsuit, there

> is no question that the task of reestablishing the status
> quo if [the plaintiff] succeeds . . . will be difficult and
> burdensome.

<u>Fund for Animals</u>, 322 F.3d at 735 (citations omitted).  Accordingly, the undersigned finds that

the proposed intervenors' claims regarding the costs, delays and uncertainties associated with the

denial of intervention satisfy the standard articulated by this Circuit.

### *(iv) Inadequacy of representation by existing parties*

Proposed intervenors submit that because the Secretary "does not have the same level of

interest as do [proposed intevervenors] and their members in preserving and facilitating the

current system by which captive members of the three species are owned, managed and used[,]"

their interest is not adequately represented by existing parties.  Memorandum at 21-23.

Plaintiff again relies principally upon Ninth Circuit precedent in support of its opposition.

<u>See</u> Opposition at 7-10.  Plaintiff submits that a "very compelling showing" of inadequacy of

representation by existing parties is required "where a proposed intervenor and an existing party

share the same goal."  <u>Id.</u> at 8.[6]  Again, Plaintiff's assertion is directly contrary to the law of this

Circuit.  This Circuit has held that a federal agency's obligation "is to represent the interests of

the American people," while entities dedicated to hunting and conservation – like proposed

intervenors – represent the interests of their members.  <u>Fund for Animals</u>, 322 F.3d at 736.  For

this reason, this Circuit has concluded that "governmental entities do not adequately represent the

interests of aspiring intervenors."  <u>Id.</u> (footnote omitted).  For the same reason, the undersigned

concludes that proposed intervenors' interests are not adequately represented by existing parties.

---

[6] Plaintiff suggests that the defendant Secretary and the proposed intervenors share the same goal.  <u>Id.</u>
Plaintiff does not suggest that it represents the interests of proposed intervenors.

Friends of Animals v. Kempthorne                                                    10

*(v) Standing*

Plaintiff's argument that proposed intervenors lack standing is predicated entirely upon

proposed intervenors' supposed failure to satisfy the requirements of Rule 24(a) of the Federal

Rules of Civil Procedure.  See Opposition at 10-11.  Given the undersigned's finding that

proposed intervenors have satisfied the Rule 24(a) requirements for intervention as of right, the

further requirement that a proposed intervenor as of right demonstrate standing may be addressed

with dispatch: the District of Columbia Circuit has held that "any person who satisfies Rule 24(a)

will also meet Article III's standing requirement."  Roeder v. Islamic Republic of Iran, 333 F.3d

228, 233 (D.C. Cir. 2003).[7]


**CONCLUSION**

For the foregoing reasons, the undersigned finds that proposed intervenors have satisfied

all of the Rule 24(a) requirements for intervention as of right, and that they also have satisfied

Article III's standing requirement.  It is therefore

**ORDERED** that Safari Club International, Safari Club International Foundation and the

Exotic Wildlife Association's Motion to Intervene (Docket No. 15) is **GRANTED**.[8]

---

[7]  Independent of the Circuit's holding in Roeder, the undersigned finds that proposed intervenors have
shown the requisite (1) injury-in-fact (i.e., interference with their members' ability to own, raise, trade, hunt and
conserve the three species of antelope which are the subject of the challenged rule); (2) causation (i.e., the relief
requested by Plaintiff would deprive proposed intervenors of hunting opportunities and otherwise impact their
practices); and (3) redressability (i.e., the injuries will be prevented if Plaintiff does not prevail in the instant action).
See Fund for Animals, 322 F.3d at 732-33; Horizon Lines, LCC, 414 F. Supp. 2d at 52; see also National Wildlife
Federation v. Hodel, 839 F.2d 694, 703-06.

[8]  Plaintiff asks that "some limits" on the intervention be imposed if the motion is granted.  See Opposition
at 12-16.  The undersigned finds that imposition of any of the suggested "limits" would be premature, and are more
appropriately evaluated in the context of the court's comprehensive case management objectives.

Friends of Animals v. Kempthorne                                                                     11

September 14, 2006                                    _____/s/_____
                                                      DEBORAH A. ROBINSON
                                                      United States Magistrate Judge